OPINION
{¶ 1} Appellant Paulla Vanko appeals a judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, which found her incompetent by reason of mental and physical disabilities, and appointed Trillium Family Solutions as guardian of appellant's estate and one of Trillium's employees as guardian of her person. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE PROBATE COURT'S DETERMINATION THAT APPELLANT WAS IN NEED OF A GUARDIANSHIP WAS CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 3} "II. THE PROBATE COURT ABUSED ITS DISCRETION BY FAILING TO ACT IN THE BEST INTEREST OF THE WARD."
 I. {¶ 4} In her first assignment of error, appellant urges the court's decision was contrary to law and against the manifest weight of the evidence. She directs us to R.C. 2111.02, which requires the applicant prove its case by clear and convincing evidence.
 {¶ 5} R.C. 2111.01 defines an incompetent person as "any person who is so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that the person is incapable of taking proper care of the person's self or property."
 {¶ 6} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence, C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St. 2d 279. This court may not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment, Myers v. Garson (1993), 66 Ohio St. 3d 610.
 {¶ 7} Trillium presented the testimony of a registered nurse who made visits to appellant's home. The nurse works for Caring Hands. Trillium's only other witnesses were three of its employees: an assessment worker; a licensed social worker; and a person who merely identified herself as employed in Trillium's adult protective service program. These witnesses testified appellant's telephone had been disconnected and other utilities were at risk. Appellant had a large number of unpaid bills. Susan Rair, the social worker assigned to the case, testified appellant had two checking accounts at two different banks. Appellant had many different checkbook registers, making it difficult to determine the balances of each account. Rair testified most of appellant's Social Security and pension were going for banking fees because appellant had written checks without having the money to cover them.
 {¶ 8} Trillium presented testimony appellant had broken her shoulder at some point in the past, which has impaired her ability to clean her home and do laundry, and perform personal hygiene tasks. Appellant had not seen a doctor for some unspecified length of time.
 {¶ 9} Rair testified in her opinion, appellant needed a guardian because she would not cooperate as far as taking care of her physical needs, although Trillium had been able to take over her finances.
 {¶ 10} Appellant presented the testimony of Dr. Robert DeVies, a psychologist who administered various psychometric tests, and interviewed appellant for some 45 minutes. Dr. DeVies testified appellant suffers from a condition characterized by a fairly slow but progressive decline in one's ability to perform cognitive operations. He testified appellant has the fundamental abilities to care for herself and her finances. On cross examination, Dr. DeVies testified he was unaware of appellant's financial difficulties.
 {¶ 11} Appellant also presented a video tape of appellant in her home.
 {¶ 12} Appellant urges of appellee's four witnesses, three of them were its employees who obviously have an interest in establishing the guardianship. Appellant presented the evidence of a clinical psychologist more distanced from the case. However, appellant did not present any evidence there might be a less restrictive alternative to the guardianship. We agree Trillium has created an unpleasant, incestuous situation where the same agency does the initial investigation into whether a person needs a guardian, and then applies to be the guardian, garnering fees. Nevertheless, there is sufficient, competent and credible evidence to entitle the trial court to find by clear and convincing evidence appellant meets the definition of an incompetent person.
 {¶ 13} The first assignment of error is overruled.
 II. {¶ 14} In her second assignment of error, appellant urges the court failed to act in her best interests in appointing a guardian.
 {¶ 15} We find the record contains sufficient, competent and credible evidence from which the court could conclude appellant's best interest lay in appointing a guardian for her person and estate.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Stark County, Ohio, is affirmed. Costs to appellant.